

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-6001
Re: Under the facts stated did the
County Board of School Trustees
of Fayette County have the legal
right to group the common school
districts in question, into a
high school district without the
consent of the trustees of the
common school districts?

Your letter of May 2, in part, is as follows:

"Some time ago the County Board of School
Trustees of Fayette County, Texas, grouped seven
common school districts into a rural high school
district. The scholastic population of these
common school districts is 77, 108, 30, 94, 65,
76 and 43, respectively, and all the common school
districts combined together contain an area of less
than 100 square miles. This grouping was done un-
der the provision of Article 2922a. The county
board of school trustees accomplished this group-
ing without the consent of any of the trustees of
the individual common school districts involved,
neither was there an election held in any of the
individual common school districts nor in the pro-
posed rural high school districts as a whole. At
the urgent request of one of the trustees of one
of the common school districts involved, I am here-
with submitting to you the following question for
your opinion:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIS

Hon. John C. Marburger, Page 2

"'Was it necessary for the County
Board of School Trustees to secure
the consent of the trustees of the
individual common school districts
before the county board of school
trustees could group these common
school-districts involved into a
rural high school district?  In
other words, did the county board
of school trustees have the legal
right to group these common school
districts into a high school dis-
trict without the consent of the
trustees of the common school dis-
tricts?'"

Your conclusion that in the formation of the district
it was not necessary for the County Board of Trustees to obtain
the consent of the Trustees of the several common school districts
is amply sustained by the authorities cited in the Brief which
you have submitted in connection with your question.

Article 2922a, Vernon's Civil Statutes, provides:

"In each organized county in this State and
in any county which shall hereafter be organized,
the county school trustees shall have the authority
to form one or more rural high school districts, by
grouping contiguous common school districts having
less than four hundred scholastic population and
independent school districts having less than two
hundred and fifty scholastic population for the
purpose of establishing and operating rural high
schools, provided also that the county school
trustees may annex one or more common school dis-
tricts or one or more independent school districts
having less than two hundred and fifty scholastic
population to a common school district having four
hundred or more scholastic population or to an in-
dependent district having two hundred and fifty or
more scholastic population upon the approval of the
board of trustees of each school district affected;
. . ."

Hon. John C. Marburger, Page 3

Under the above quoted statutory provisions, there are two methods by which rural high school districts may be formed:

1. By grouping contiguous common school districts (having less than four hundred scholastic population) and independent districts having a scholastic population each of less than two hundred fifty scholastics;

2. Subject to approval of the Board of Trustees of each district affected, by annexation of one or more common school districts or one or more Independent School districts having less than two hundred fifty scholastics to a common school district having more than four hundred scholastics or by annexation of such districts to an independent school district having a scholastic population in excess of two hundred fifty; Bell vs. Kirkland 41 S. W. (2d) 443 (Tex. Civ. App. error refused)

From the statement contained in your letter, it is apparent that the County Board of School Trustees of Fayette County in the establishment of the district in question was exercising the first of the above described powers, viz, that of grouping the several common school districts into a rural high school district. The power to group common school districts having less than four hundred scholastics each is vested by law in the County Board, and is in no wise dependent upon the approval of the Board of Trustees of the affected districts. Canon vs. Rasbury, 21 S. W. (2d) 76 (Tex. Civ. App., error refused); Beard vs. Marshall (Tex. Civ. App.) 32 S. W. (2d) 496. The only limitations upon the power conferred on the County Board to group such districts are those prescribed by Article 2922c, Vernon's Civil Statutes. That Article provides that in the event a rural high school district is proposed to be established so as to contain an area in excess of one hundred square miles, the action of the County Board of Trustees must be authorized by a vote of a majority of the qualified voters of the proposed district; and in the event it is proposed to establish a rural high school district

4

containing more than seven elementary districts, the proposal must be approved by vote of a majority of the qualified voters in each of the elementary districts within the proposed rural high school district. Neither of these limitations is applicable to the situation described in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Gaynor Kendall

Gaynor Kendall
Assistant

GK:fe

APPROVED MAY 11, 1944

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN